NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISRAEL ZULETA HERNANDEZ, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 14-71844 Agency No. A089-245-643 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016**

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Israel Zuleta Hernandez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process challenges, and review for substantial evidence the agency's factual findings. *Zetino v. Holder,* 622 F.3d 1007, 1011-12 (9th Cir. 2010) (internal citation omitted). We deny the petition for review.

Although Zuleta Hernandez makes arguments as to the merits of his asylum claim, he does not challenge the BIA's determination that he failed to contest the IJ's dispositive finding that he is statutorily ineligible for asylum. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issue not argued in opening brief deemed waived). Thus, we deny the petition as to his asylum claim. Similarly, Zuleta Hernandez references CAT relief without substantively challenging the BIA's denial of his claim. *See id*. Thus, we also deny the petition as to his CAT claim.

Substantial evidence supports the agency's determination that Zuleta Hernandez failed to establish he was or would be harmed in Mexico on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2008) (under the REAL ID Act, an applicant must prove a protected ground is at least 'one central reason' for persecution); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by

criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Zuleta Hernandez's withholding of removal claim fails.

We reject Zuleta Hernandez's contention that the agency violated his right to due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Finally, we do not consider materials referenced in the opening brief that were not part of the record before the agency. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

**PETITION FOR REVIEW DENIED.**

14-71844